McLellan vs. The Mayor and Common Council of the City of Janesville.

McLELLAN, Appellant, vs. THE MAYOR AND COMMON COUNCIL OF THE CITY OF JANESVILLE, Respondents.

*May 4 — May 9, 1898.*

*Excise laws: Revocation of license: Appeal: Stay of proceedings.*

The plain legislative policy of this state being that no stay of proceedings shall be obtainable to interfere with the proceedings of the governing board of a town, city, or village, in revoking a license to sell liquors, or to stay the effect of such revocation pending proceedings to test its legality, it is an unjustifiable use of the discretionary power of the circuit court to grant such a stay pending an appeal to this court from an order refusing a temporary injunction against a city council in such proceedings.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. The respondents moved in this court to vacate an order of the circuit court continuing a temporary injunction pending appeal. *Motion granted.*

*F. C. Burpee*, city attorney, for the motion.

In opposition there was a brief by *Dunwiddie & Wheeler*, and oral argument by *W. G. Wheeler.*

The following opinion was filed May 24, 1898:

MARSHALL, J. Proceedings were commenced February 14, 1898, before the common council of the city of *Janesville*,

McLellan vs. The Mayor and Common Council of the City of Janesville.

to revoke plaintiff's license to sell liquor in such city, and before a final termination of such proceedings, he commenced this action in equity in the circuit court for Rock county to enjoin the council, alleging certain irregularities going to its jurisdiction. A temporary injunction was allowed by a court commissioner, which was set aside by the circuit court, and thereupon 'an appeal was taken to this court, and an order was granted continuing the injunction, pending such appeal. Respondents now move the court to vacate such order.

Clearly, as contended by counsel for respondents, if, when proceedings are instituted before the proper body to revoke a liquor license, an action in equity can be commenced to stop them and a temporary injunction be obtained effecting that result, pending a final determination of the case in the court of last resort, the way is open and will readily be taken advantage of on all occasions to render the statutes on the subject valueless, by preventing the remedy of revocation of such license as punishment for violation thereof being effectually enforced. Nevertheless, as the order complained of was the result of an appeal to the discretionary power of the court, it cannot be disturbed unless we can say there was a clear abuse of judicial discretion.

Manifestly, if the council had proceeded to a final determination of the matter and revoked plaintiff's license, it would have been final unless void for jurisdictional defects. If void on that account, plaintiff might have successfully defeated any proceedings brought against him, depending upon the validity of the revocation, or he could have removed the proceedings of the council by writ of *certiorari* to the circuit court for review, and had a speedy hearing, as will be hereafter seen.

From the foregoing, no reason is perceived why a court of equity should take jurisdiction of such a matter. That the remedy by *certiorari* is the one contemplated by the stat-

ute, and without any *interim* stay to protect the licensee, is clearly indicated by sec. 1559*a*, S. & B. Ann. Stats., which provides that when a writ of *certiorari* shall issue from the circuit court to the board of supervisors of a town, president or trustees of a village, or to the mayor or aldermen of a city to certify up his or their proceedings revoking licenses to sell liquors, or when an appeal is taken from the circuit court to the supreme court in such cases, it shall in no wise have the effect of suspending such order of revocation during the pendency of the matter in the court to which the same shall have been certified or appealed; and that the person whose license shall have been revoked, and who shall have sued out a writ of *certiorari* to test the legality of the revocation, may have the matter heard on a ten-day notice at any term of the circuit court in his circuit, or before the circuit judge at chambers. There can be no mistaking the legislative intent in that enactment. It clearly is that proceedings to test the legality of a revocation of a liquor license shall be by writ of *certiorari*, and that there shall be no stay of the revocation till declared illegal for want of jurisdiction, and that the person seeking such revocation shall be protected so far as practicable by the right to a speedy hearing before the circuit court or before the judge at chambers. The danger of the beneficial statute for revoking licenses being nullified by enforced delays, keeping alive such licenses till their expiration by operation of law, without some such provision as sec. 1559*a*, was clearly foreseen and wisely provided against. The necessity for it is evident by the situation in this case. Whatever may have been the transgressions of the plaintiff rendering his license revocable, by means of the stay he secured now sought to be set aside, he would be able, if the stay were continued, to enjoy the benefits of his license to the end, and laugh at the futile efforts of the public to take it away.

We think the enactment to prevent the suspension of the

revocation of a license pending proceedings by writ of *certiorari* to test its validity evinces so clearly the legislative intent to prevent the law's delays, in that particular class of cases, being worked to hamper and defeat a speedy bringing to justice of transgressors of the liquor laws, that the exercise of the discretionary power of the court to tie the hands of the council of the city of *Janesville*, pending the appeal in this case cannot be sustained.

*By the Court.*— The motion to set aside and vacate the order of the court below continuing the temporary injunction restraining the mayor and common council of the city of *Janesville* in the matter of the revocation of plaintiff's license to sell liquors in said city, is hereby granted, with motion costs.